UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WRB, Inc. d/b/a Hammer-Schlagen,<br><br>    Plaintiff,<br><br>v.<br><br>Schram Haus Brewery LLC, Aaron Schram, and Ashley Schram<br><br>    Defendants. | Court File No. 20-cv-02521<br><br>**Complaint for Trademark, Trade Dress Infringement, Copyright Infringement, and Unfair Competition**<br><br>**Jury Trial Demanded** |

Plaintiff WRB, Inc. d/b/a Hammer-Schlagen for its complaint against defendant Schram Haus Brewery, LLC, states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action that seeks a permanent injunction and an award of actual or statutory damages for Schram Haus' intentional counterfeiting of the Hammer-Schlagen brand comprised of distinctive trademarks and trade dress as well as a published copyright.

2. WRB and its predecessors have been the exclusive source of a particular nail-driving competition offered under the brand Hammer-Schlagen since at least the late 1980s. WRB's trademarks, including Hammer-Schlagen, its logo, and slogans such as Let's Play Hammer-Schlagen, Got Wood, Get Hammered, Get Nailed, Get Bent, and Whack It,

1

have become immensely popular throughout the United States, particularly at beer festivals, bars, and Octoberfest festivals.

3.  WRB's design and layout of its nail-driving service are also unique and were granted trade dress protection by the U.S. Patent and Trademark Office.

4.  While offering its brand of entertainment, WRB displays its copyright entitled "Hammerschlagen Rules" in plain view of the public. WRB has published those rules on its website at <https://www.hammerschlagen.com/rules/>, and a registration has been granted by the United States Copyright Office.

5.  Schram Haus – a brewery in Chaska, MN – has offered a counterfeit service using WRB's trademarks, trade dress, and copyright protected rules. It did so after being warned multiple times of WRB's exclusive rights to the marks.

6.  This action is to protect WRB's goodwill and intellectual property by enforcing WRB's rights under the Lanham Act and Copyright Act.

## PARTIES

7.  WRB, Inc. d/b/a Hammer-Schlagen is a Minnesota corporation with its registered office at 5865 Neal Ave N, #113 in Stillwater, Minnesota.

8. Defendant Schram Haus Brewery, LLC is a Minnesota limited liability company with its registered office at 8785 Airport Road in Waconia, Minnesota, and operating at 3700 Chaska Boulevard in Chaska, Minnesota.

9. Defendants Aaron and Ashley Schram are individuals residing in Minnesota. On information and belief, the two jointly own and operate Schram Haus Brewery and are responsible for the company's marketing and advertising.

10. On information and belief, Defendants Aaron and Ashley Schram oversaw and were responsible for the actions of Schram Haus described below.

## JURISDICTION

11. This Court has original subject matter jurisdiction over the trade dress infringement and trademark infringement claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) because they arise under the Lanham Act, 15 U.S.C. § 1501 et seq.

12. The Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. § 1331 and 1338(a). This Court also has supplemental jurisdiction over Plaintiff's claims arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

13. Schram Haus is a Minnesota limited liability company offering its services in Chaska, Minnesota. WRB's claims for relief arose in this district, making venue over the claims proper in this district pursuant to 28 U.S.C. § 1391.

## WHAT IS HAMMERSCHLAGEN?

14. In 1957, a child named Carl Schoene immigrated with his family from Germany to St. Paul, Minnesota. He brought with him a game he played with his friends in Germany in which players took turns trying to drive a nail into something – a board, a tire, or the ground – with one swing of an axe.

15. The variation Schoene played and taught his friends used a cross-peen hammer, and the nails were driven into the perimeter of a tree stump. Schoene played the game, calling it Nagelspiel.

16. When his family started a restaurant near Stillwater, Schoene's game was played at the restaurant and at festivals as a marketing tool for the restaurant.

17. In the late 1980s, Schoene's father-in-law, Mike Wlaschin, took over the game. He standardized the use of cottonwood cross-sections and 16d common bright nails and rebranded the name as "Hammer-Schlagen."

18. From the late 1980s through 1999, Wlaschin promoted the service under the brand Hammer-Schlagen throughout Minnesota and Western Wisconsin. He was the only person using the name Hammer-

4

Schlagen and the only person marketing the entertainment service using his particular design.

19. In 1999, Wlaschin formed WRB, Inc. solely for the purpose of marketing and promoting Hammer-Schlagen. The company acquired a federal trademark registration for its logo in 2000:



20. WRB has continuously and exclusively promoted its services under the Hammer-Schlagen brand since it was formed.

21. WRB promoted and continues to promote its services through the exclusive use of slogans including "Get Hammered, "Get Nailed," and "Got Wood" in a variety of media since 2000, including on its website, in fliers, and on stickers used in marketing its service.

22. WRB uses its distinctive trade dress in combination with its name, logo, and slogans to promote the service offered. The trade dress, commonly referred to as the "Hammerschlagen Stump," is depicted below:



23. WRB has offered its services, either directly or through exclusive licensing, throughout the United States, from Florida to Washington to Hawaii.

24. WRB has operated in Minnesota every year since its founding in 1999, offering the game at various private parties, beer festivals, Oktoberfest branded events, and expos throughout the state.

25. WRB is the owner of U.S. Registration No. 4,804,117 for the service mark Hammer-Schlagen. The service mark was registered on September 1, 2015, claiming first use in commerce as early as February 1999 and is incontestable. A copy of the registration is attached as Exhibit A.

26. WRB is the owner of U.S. Registration No. 4,798,570 for the service mark Get Nailed. The service mark was registered on August 25, 2015, claiming first use in commerce as early as October 2001 and is incontestable. A copy of the registration is attached as Exhibit B.

27. WRB also owns U.S. Registration No. 5,548,112 for its trade dress as depicted above. It was registered on August 28, 2018. The registration describes WRB's trade dress as follows:

> The mark consists of a three-dimensional configuration constituting trade dress comprising of a. cylindrical cross-section of a tree with nails positioned around the outer circumference of its upward facing flat circular surface, and a cross-peen hammer whose head is shaped in the manner depicted in the drawing.

28. WRB's trade dress registration also claims first use of the trade dress in commerce as early as February 1999. A copy of the trade dress registration is attached as Exhibit C.

29. WRB also holds the copyright to "Hammer-Schlagen Rules." The work is registered with the U.S. Copyright Office and has Registration Number TX-8-092-585. It was first published on February 5, 1999 and was registered on September 30, 2015.

## THE INFRINGEMENT

30. Defendants Aaron and Ashley Schram own and manage Schram Haus Brewing LLC, which operates a brewery at a single location in Chaska, Minnesota.

31. On information and belief, the two individuals are responsible for the company's marketing and advertising, including the infringing conduct described below.

7

32. Schram Haus was featured in the September/October 2019 issue of the Southwest Metro Magazine. In describing the Schram Haus brewery, the article says: "The spot also offers games, such as corn hole, cribbage and a game originally called Hammerschlagen, which they have cleverly renamed 'Schrammerschlagen.'"

33. That year, Schram Haus participated in Chaska's first annual Oktoberfest. In advertisements marketing the event, Schram Haus promoted its "Hammerschlagen Tournament."

34. In its own promotion of the event, Downtown Chaska included advertisements for Schram Haus's Hammer-Schlagen tournament.

35. Schram Haus marketed the 2019 event on its Facebook page, using WRB's trademarks and trade dress. In one, it posted a picture of WRB's trade dress, stating: "Get nailed this Octoberfest!" In another, it marketed "Hammerschlagen competition."

36. During the 2019 event, Schram Haus promoted its services on Facebook, claiming "Hammerschlagen has begun."

37. By all accounts, the 2019 Octoberfest celebration at Schram Haus was a well-attended success.

38. In August 2020, WRB mailed a pamphlet marketing its services to breweries including Schram Haus. The pamphlet expressly identified

WRB's intellectual property, including its registered trademarks and trade dress.

39. In late August, WRB discovered that Schram Haus was once again counterfeiting its trademarks and trade dress. It discovered advertisements for Downtown Chaska's Octoberfest that included Schram Haus advertising "Hammerschlagen." Those ads appeared in MinnesotaBreweries.com, DowntownChaska.com, and on Schram Haus's website and social media.

40. Schram Haus sold tickets to the event for $25 per ticket.

41. WRB sent a cease-and-desist letter to Schram Haus on October 24, demanding that Schram Haus stop infringing. WRB gave Schram Haus the option to hire WRB so it could lawfully offer the Hammer-Schlagen brand of entertainment at the Schram Haus premises on September 26, 2020.

42. Schram Haus did not respond to the letter.

43. A WRB employee attended Schram Haus's Octoberfest event, held on September 26. At the event, Schram Haus offered a nail driving game identical to WRB's trade dress. Its signs identified the game as "Schrammershclagen."

44. Near the offering of the service, the WRB employee overheard the man depicted in the far left of the following image say that "some guy" owns

9

Hammer-Schlagen, but the Hammer-Schlagen brand actually originated in Germany.



45. On information and belief, the individual depicted above claiming Hammer-Schlagen originated in Germany is Defendant Aaron Schram.

46. The WRB employee also overheard other patrons express their belief that the entertainment service in question being offered by Schram Haus was "Hammer-Schlagen."

47. The band – Jolly Huntsmen – announced the game as "Hammer-Schlagen" over the public announcement system of the main stage during their performance.

48. On-site – in fact, on the Hammer-Schlagen stump itself – Schram Haus posted rules for the game identical to WRB's copyright protected rules:



49. The rules Schram Haus posted are identical to WRB's rules, including punctuation and grammatical errors, save that Schram Haus omitted the last two rules from WRB's work.

50. On information and belief, Schram Haus has offered a nail-driving service under a counterfeit of WRB's trade name and trade dress since as least as early as 2019 and continues to do so today.

51. Schram Haus uses WRB's distinctive trade dress to offer the nail driving service it offers.

52. Schram Haus' nail-driving service is laid out in a manner that is indistinguishable from WRB's trade dress.

53. Schram Haus' nail-driving service is a counterfeit of WRB's trade dress and is likely to cause confusion as to the source, sponsorship, or affiliation between its service and that of WRB's brand of service.

54. Schram Haus' use of WRB's distinctive design is even more deceptive because Schram Haus markets and promotes its service using the Hammerschlagen name, which is indistinguishable from WRB's trademark Hammer-Schlagen. Moreover, it promoted its infringing service using WRB's trademark slogans including "Get Nailed."

55. Compounding the confusion, Schram Haus used the Hammer-Schlagen Rules, a third element of WRB's brand identity, in connection with Schram Haus' use of WRB's distinctive design and name.

56. Schram Haus knows WRB owns the trademarks and trade dress in Hammer-Schlagen, but further confused the public by telling its customers that WRB's Hammer-Schlagen brand of entertainment is a game that does not originate with WRB.

57. Schram Haus marketed its counterfeit service as "Hammerschlagen" on its own website. In addition, it marketed

12

"Hammerschlagen" in local publications, including on third-party websites such as on that of Southwest Metro Magazine, Chaska Downtown Business Alliance, and MinnesotaBreweries.com.

58. Schram Haus' use of WRB's trademark and trade dress is likely to cause confusion, as to the source, sponsorship, or approval of its services.

59. Schram Haus' conduct has caused actual confusion among consumers who use and are likely to use WRB's services.

60. Schram Haus' conduct has been willful and with the intent to confuse and to harm WRB's rights.

61. Schram Haus' conduct has already caused WRB irreparable harm and, unless enjoined from continuing to infringe, is likely to continue causing irreparable harm to WRB.

62. Schram Haus has profited off its infringing conduct to the detriment of WRB and it would be unjust to permit Schram Haus to retain the profits it has made using WRB's trademark, trade dress, and copyright.

## COUNT I
## INFRINGEMENT OF REGISTERED MARKS
## 15 U.S.C. § 1114

63. WRB owns the trademark Hammer-Schlagen, which has been registered and is incontestable. It owns the trademark Get Nailed, which has also been registered and is incontestable.

64. WRB owns the trade dress rights to is configuration of a nail-driving service. The USPTO has granted registration to WRB's trade dress.

65. Schram Haus has used WRB's trademarks and trade dress in a manner that is likely to cause confusion and in fact caused confusion.

66. Schram Haus' use of the trademarks and trade dress is willful and intended to confuse the public.

67. Schram Haus is using a mark and presentation that is identical to or substantially indistinguishable from WRB's registered trademarks and trade dress.

68. Schram Haus' use of WRB's trademarks and trade dress violates 15 U.S.C. § 1114(1)(a) and (b).

69. Schram Haus' use of WRB's trademarks and trade dress constitutes counterfeiting as defined in 15 U.S.C. §§ 1116(d).

70. Schram Haus' use of WRB's trademarks and trade dress has caused WRB irreparable harm. WRB has also suffered damages as a result of Schram Haus' use of the trademark and trade dress.

### COUNT II
### FALSE DESIGNATION
### 15 U.S.C. § 1125(A)(1)(A)

71. WRB owns the trademarks Hammer-Schlagen and Get Nailed, which have been registered and are incontestable.

72. WRB owns the trade dress rights to its configuration of a nail-driving game. Its trade dress is registered.

73. Schram Haus has used WRB's trademarks and trade dress in a manner that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person," violating 15 U.S.C. § 1125(a)(1)(A).

74. Schram Haus' use of the trademark and trade dress is willful and without authorization.

75. Schram Haus' use of WRB's trademarks and trade dress has caused WRB irreparable harm. WRB has also suffered damages as a result of Schram Haus' use of the trademark and trade dress.

## COUNT III
## COPYRIGHT INFRINGEMNT
## 17 U.S.C. §§ 106 ET SEQ.

76. WRB is the sole owner of the copyright in an original work that is fixed in tangible media of expression. A registration (No. TX-8-092-585) for the Rules was issued by the Copyright Office on September 30, 2015.

77. Schram Haus has produced, reproduced, and publicly displayed WRB's protected work without consent.

78. Schram Haus' acts violate WRB's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501.

79. Schram Haus infringed knowingly and with intent to financially gain and increase its goodwill and brand power by using WRB's protected copyrighted work.

80. Because of Schram Haus' infringing acts, WRB is entitled to actual damages and profits attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act. Alternatively, WRB is entitled to an award of statutory damages.

81. Schram Haus' infringement has caused and is causing irreparable harm to WRB, for which it has no adequate remedy at law.

### COUNT IV
### UNFAIR COMPETITION
### MINN. STAT. § 325D.44

82. Minnesota Statute Section 325D.44 prohibits unfair competition, including "pass[ing] off goods or services as those of another; caus[ing] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; caus[ing] likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another."

83. Schram Haus has engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of Minnesota Statue and

Minnesota common law through its unauthorized use of WRB's trademarks and copyrighted work to promote its events .

84. If Schram Haus is not enjoined from using WRB's marks and copyrighted works, it will continue to cause consumer confusion in violation of Minn. Stat. § 325D.44.

Based on the above, Plaintiff WRB, Inc. requests that the Court:

1. Preliminarily and permanently enjoin Schram Haus from infringing WRB's trademarks and trade dress pursuant 15 U.S.C. § 1116(a);

2. Preliminarily and permanently enjoin Schram Haus from infringing WRB's copyright pursuant to 17 U.S.C. § 502;

3. Award WRB all profits Schram Haus realized from its trademark and trade dress infringement pursuant to 15 U.S.C. § 1117(a);

4. Award WRB its actual damages and any additional profits Schram Haus realized from its infringement of WRB's copyrighted work pursuant to 17 U.S.C. § 504(a);

5. Award WRB its actual damages caused by Schram Haus' trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1117(a);

6. Award WRB treble damages for counterfeit pursuant to 15 U.S.C. § 1117(b);

7. Alternatively, award WRB statutory damages for counterfeit pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 per counterfeit per mark;

8. Alternatively, award WRB statutory damages for infringement pursuant to 17 U.S.C. § 504(c) of not less than $750 and not more than $150,000 per infringement;

9. Award WRB its costs, expenses, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. §505, and Minn. Stat. § 325D.45; and

10. Grant such other and further relief as the Court deems just and equitable.

Dated: December 11, 2020                    RUBRIC LEGAL LLC

                                             /s/ Michael H. Frasier
                                            Chad A. Snyder (#288275)
                                            Michael H. Frasier (#387704)
                                            233 Park Ave. S – Suite 205
                                            Minneapolis, MN 55415
                                            612.465.0074
                                            chad@rubriclegal.com
                                            michael@rubriclegal.com

                                            Attorneys for WRB, Inc.